IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3184-FL

| | |
|---|---|
| JEFFREY EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| MAJOR GREENFIELD, LIEUTENANT SCOTT, OFFICER CARCIRIERI, MIKE COX, CHRIS WORTH, CHUCK ARNOLD, and SHERIFF LARRY M. PIERCE, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

The action is before the court on plaintiff's motion to compel discovery (DE 106), motion for production of documents (DE 108), second motion to appoint counsel (DE 111), motion to subpoena witnesses and documents (DE 112), motion to take depositions (DE 113), motion to voluntarily dismiss defendant Officer Carcirieri (DE 119), motion to amend production of documents request (DE 125), motion for in camera inspection of documents audio and video (DE 126), motion to withdraw motion to voluntarily dismiss defendant Officer Carcirieri (DE 128), and motion to find defendants in contempt (DE 129). Also before the court are defendants' motion for a protective order (DE 118), defendant Pierce's motion to dismiss (DE 75) pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (4), (5), and (6), and defendants' motion for summary judgment (DE 121) pursuant to Federal Rule of Civil Procedure 56. In this posture, the issues raised are ripe for adjudication.

A.  Motion to Appoint Counsel

Plaintiff requests counsel to assist with litigating this action. This is plaintiff's second motion to appoint counsel, plaintiff's first motion was denied on November 13, 2014. As stated in the court's November 13, 2014, order, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

As stated in the court's November 13, 2014, order, plaintiff has demonstrated through the detail of his filings he is capable of proceeding *pro se*. Additionally, plaintiff's claim is not complex and is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's second motion to appoint counsel is DENIED.

B.  Discovery-Related Motions

Plaintiff filed a motion to compel discovery, motion for production of documents, motion to subpoena witnesses, motion to take depositions, motion to amend production of documents request, and motion for in camera inspection of documents. In response, defendants request a protective order.

The court first determines whether defendants are entitled to a protective order. On March 3, 2015, defendants filed a motion for summary judgment raising, *inter alia*, the affirmative defenses of failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) and qualified immunity. The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also, Lescs v. Martinsburg Police Dep't, 138 F. App'x. 562, 564 (4th Cir. 2005) (per curiam) (holding that the district court was required to rule on defendant's dispositive motion raising qualified immunity issues prior to allowing discovery). In Mitchell, the Court observed that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 526.

Here, because defendants raised the defense of qualified immunity and assert that plaintiff cannot establish a constitutional violation, they are entitled to a resolution of the issue prior to being subject to the burdens of litigation, including discovery. Likewise, the court finds it prudent to resolve the exhaustion issue prior to any further discovery. Therefore, the court GRANTS the motion for a protective order, and DENIES without prejudice plaintiff's discovery-related motions. To the extent defendants' request sanctions in connection with plaintiff's discovery requests, the request is DENIED.

C.   Motion to Find Defendants in Contempt

Plaintiff requests that the court find defendants to be in contempt of court on the grounds that defendants have not produced an alleged video-taped recording of plaintiff's interrogation on March 18, 2013. As stated, the court granted defendants' request for a protective order in this action, and discovery is stayed pending the court's resolution of the exhaustion issue and the affirmative defense

3

of qualified immunity. Further, defendant Michael Cox submitted an affidavit stating that no video exists of the March 18, 2013, search, but does not indicate whether a video exists of plaintiff's alleged interrogation on such date. (Cox Aff. ¶ 7.) To the extent there is any video-tape of plaintiff under any circumstances on March 18, 2013, defendants are directed to preserve such video-tape evidence. Thus, plaintiff's motion to find defendants in contempt is DENIED.

D.   Voluntary Dismissal

Plaintiff filed a motion to voluntarily dismiss defendant Officer Carcirieri from this action pursuant to Federal Rule of Civil Rule of Procedure 41(a), and later filed a motion to withdraw his request for voluntary dismissal. The court GRANTS plaintiff's motion to withdraw, and plaintiff's motion for voluntary dismissal is DENIED as MOOT.

## CONCLUSION

Based upon the foregoing, the court rules as follows:

(1)   Plaintiff's motion to withdraw his request for voluntary dismissal of defendant Officer Carcirieri (DE 128) is GRANTED, and plaintiff's motion to voluntarily dismiss defendant Carcirieri (DE 119) is DENIED as MOOT;

(2)   defendants' motion for a protective order (DE 118) is GRANTED, and plaintiff's motion to compel discovery (DE 106), motion for production of documents (DE 108), motion to subpoena witnesses and documents (DE 112), motion to take depositions (DE 113), motion to amend production of documents request (DE 125), and motion for in camera inspection of documents (DE 126) are DENIED without prejudice.

(3)   plaintiff's motion to find defendants in contempt (DE 129) is DENIED;

(4) plaintiff's second motion to appoint counsel (DE 111) also is DENIED. The court will address the remaining pending motions by separate order.

SO ORDERED, this the 22nd day of April, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge