IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3184-FL

| | | |
|---|---|---|
| JEFFREY EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MAJOR GREENFIELD, LIEUTENANT SCOTT, OFFICER CARCIRIERI, MIKE COX, CHRIS WORTH, CHUCK ARNOLD, and SHERIFF LARRY M. PIERCE, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on defendant Carcirieri's motions for reconsideration (DE 160, 161) and defendants' motion to seal (DE 181). Also before the court are plaintiff's motion for production of documents (DE 164) and motion for a declaratory judgment (DE 165). Defendant Sheriff Larry M. Pierce responded to plaintiff's motions, but the remaining defendants did not respond to plaintiff's motions. Plaintiff did not respond to defendants' motions.[1] In this posture, the issues raised are ripe for adjudication.

A.  Motions for Reconsideration

Pursuant to Federal Rule of Civil Procedure 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

---

[1] Defendants' motion to seal is not yet ripe. However, the court finds that the motion may be adjudicated at this time without prejudice to plaintiff.

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Rather, the resolution of such motion is "committed to the discretion of the district court." Id. at 515. As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

Here, defendant Officer Carcirieri ("Carcirieri") asks the court to reconsider its January 12, 2016, order denying his April 23, 2015, motion seeking summary judgment on plaintiff's bystander liability claim. In support of his motion, defendant Carcirieri asserts that the court incorrectly determined that his motion was devoid of evidentiary support because defendant Carcirieri submitted a personal affidavit in support of his motion. Defendant Carcirieri further states that he additionally relied upon the evidence submitted in support of the remaining defendants' motion for

2

summary judgment. (DE 160, p. 2.) As stated in the court's January 12, 2016, order, defendants failed to properly support their respective factual assertions in support of their motions for summary judgment as required by Federal Rule of Civil Procedure 56(c)(1)(A). As a result, the court finds that its original determination with respect to defendant Carcirieri's April 23, 2015, motion for summary judgment is appropriate. Based upon the foregoing, defendant Carcirieri's motions for reconsideration are DENIED.

B.    Plaintiff's Motion for Production of Documents and for Declaratory Judgment

The court construes plaintiff's motion for the production of documents and motion for a declaratory judgment as a motion to compel discovery. In his motions, plaintiff seeks a court order compelling defendants to produce the following: (1) any audio or video tape recording of "both interrogation/interview room cameras at Wayne Co. Annex Building;" (2) "names of all staff employed at Wayne Co. Annex Building on 3/18/13 and there on that day;" (3) "names of any and all staff or personnel that [] operate the video monitor control room or equipment;" (4) "login time <official> of the traffic stop in Pikeville, N.C. by OFC. Carcirieri;" (5) "copy of original police report and statement filed by OFC Carcirieri;" (6) "cop[ies] of original deputy reports and statements filed by any and all deputies who assisted in the traffic stop/take down on plaintiff on 3/18/13 in Pikeville N.C.;" (7) "electronically stored emails and documents pertaining to plaintiff 3/18/13 traffic stop, arrest and interrogation;" and (8) "Any and all investigative reports and/or statements conducted by Wayne County Sheriff['s] department." (Pl.'s Mot. (DE 164), pp. 1-2.)

Federal Rule of Civil Procedure 26 provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of

3

> the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 177 (1979). However, a litigant may not use discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his opposing party. See Fed. R. Civ. P. 26(c)(1). Additionally, the court has "substantial discretion" to grant or deny motions to compel discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

Defendants correctly assert that plaintiff's motions to compel were filed well after the expiration of the February 3, 2015, discovery deadline. However, plaintiff repeatedly has requested that defendants provide him with a copy of a video-tape recording of the events occurring at Wayne County Jail on March 18, 2013, and defendants have represented to the court on numerous occasions that "[n]o videotape or other recording exists of the search performed on [plaintiff.]" (See DE 122-9, Exs B and C, DE 156, p. 2.) While it appears there is no recording of the alleged search, defendant Pierce now represents that he possesses a "video recording of Plaintiff while in the interrogation room" at the Wayne County Jail. (DE 172, p. 7.) Because plaintiff has diligently pursued video-tape evidence relating to the March 18, 2013, events, the court GRANTS plaintiff's motion to compel as to this discovery request. Defendants are DIRECTED to make available for plaintiff to view and or hear any video or audio tape concerning plaintiff at the Wayne County Jail on March 18, 2013. Defendants are DIRECTED to file a notice with the court after plaintiff has been given access to the recordings.

4

As for plaintiff's remaining discovery requests, the court finds that the materials requested are relevant to plaintiff's action and proportional to the needs of the case. Thus, the remainder of plaintiff's motion to compel, likewise, is GRANTED. Defendants are DIRECTED to provide plaintiff with the requested materials within 14 days of this order. To the extent defendant Pierce seeks sanctions against plaintiff in connection with plaintiff's discovery requests, defendant Pierce's request is DENIED.

C.   Defendants Motion to Seal

Defendants Sheriff Larry M. Pierce, Major Greenfield, Lieutenant Scott, Mike Cox, Chris Worth, and Chuck Arnold move the court to issue an order sealing an affidavit submitted by Dr. McCaskill, regarding plaintiff's medical care, and plaintiff's medical records. The materials at issue are attached to their motion for summary judgment as Exhibits 10 and 11. Local Rule 26.1(a)(1) of this court's Local Rules of Practice and Procedure requires that medical records not be open to inspection or copying by any person except the parties and their attorneys. It further requires the filing of any such records be accompanied by a motion to seal. Based upon the foregoing, defendants' motion to seal is GRANTED, and defendants' Exhibits 10 and 11 are sealed. See, e.g., Roberson v. Paul Smith, Inc., No. 5:07-CV-284-F, 5:08-CV-40-F, 2010 WL 2332282, at * 1 (E.D.N.C. June 9, 2010).

In summary, the court orders as follows:

1)   Defendant Carcirieri's motions for reconsideration (DE 160, 161) are DENIED;

2)   Plaintiff's motions to compel (DE 164, 165) are GRANTED. Defendants are DIRECTED to respond to plaintiff's discovery request as set forth above;

5

3) To the extent defendant Pierce requests sanctions in connection with plaintiff's discovery requests (see DE 172), his request is DENIED;

4) The court expands the discovery period to permit defendants to respond to this court's order. No further discovery is permitted.

5) Defendants' motion to seal (DE 181) is GRANTED, and defendants' Exhibits 10 and 11 are HEREBY sealed.

SO ORDERED, this the 25th day of March, 2016.

_/s/ Louise W. Flanagan_
LOUISE W. FLANAGAN
United States District Judge