IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3184-FL

| | | |
|---|---|---|
| JEFFREY EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAREY WINDERS, MAJOR GREENFIELD, LIEUTENANT SCOTT, DR. CLEMENT L. MCCASKILL, OFFICER CARCIRIERI, MIKE COX, CHRIS WORTH, CHUCK ARNOLD, and SHERIFF LARRY M. PEIRCE, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

The matter comes before the court on plaintiff's motions for reconsideration (DE 207, 208, 214), motion to correct dismissal of proper party (DE 208), motion to depose defendants (DE 210), motion to be relieved of any responsibility for any consequences of the dissemination of the digital versatile disc ("DVD") (DE 211), motion for requests for admissions (DE 212), motion for interrogatories (DE 213), and motion for sanctions (DE 216). Defendant, Officer Carcirieri, responded to each of plaintiff's motions with the exception of plaintiff's first motion for reconsideration and motion to correct dismissal of proper party. Defendants Chuck Arnold ("Arnold"), Mike Cox ("Cox"), Major Greenfield, Sheriff Larry M. Pierce, Lieutenant Scott, and Chris Worth (collectively referred to as the "Sheriff's defendants") responded to plaintiff's first motion for reconsideration, motion for requests for admissions, and motion for interrogatories, but did not respond to plaintiff's remaining motions.

A.       Motions for Reconsideration

Plaintiff's motions for reconsideration request that the court reconsider three rulings in its prior July 14, 2016, order. Specifically, plaintiff seeks reconsideration of the court's denial of his motion to amend his complaint to include Charles Shafer as a defendant, the granting of the Sheriff's defendants' motion for a protective order, and the dismissal of defendant Cox from this action. The court will now consider plaintiff's motions for reconsideration in turn.

Pursuant to Federal Rule of Civil Procedure 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Rather, the resolution of such motion is "committed to the discretion of the district court." Id. at 515. As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to

2

the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

The court begins with plaintiff's motion for reconsideration of the court's denial of his motion to amend his complaint to include Charles Shafer as a defendant in this action. In support of his motion, plaintiff argues: "If Defendants would have not been in violation of Fed. Civ. Pro. Rule 26(a) as is Rule[,] Plaintiff would have had the correct Identity of all Officers who sexually assaulted [him on] 3/18/13." ((DE 207), p. 2). This argument is meritless because defendants did not have an obligation in this action to provide initial disclosures pursuant to Federal Rule of Civil Procedure 26(a). See Fed. R. Civ. P. 26(a)(1)(B) ("The following proceedings are exempt from initial disclosure: . . . an action brought without an attorney by a person in the custody of the United States , a state, or a state subdivision . . ."). Additionally, as stated in the court's July 14, 2016, order, plaintiff possessed the information necessary to discover the identity of Deputy Shafer as early as February 3, 2014, but failed to take action. ((DE 204), p. 3). Thus, plaintiff's May 24, 2016, efforts to amend his complaint, more than 17 months after the expiration of the court's December 3, 2014, deadline for submitting amended pleadings, is untimely and unduly prejudicial. Thus, plaintiff's first motion for reconsideration is DENIED.

The court now turns to plaintiff's second motion for reconsideration in which plaintiff requests reconsideration of the court's July 14, 2016, order granting the Sheriff's defendants' motion for a protective order. Plaintiff's motion is not a model of clarity. Plaintiff essentially requests that the court lift the protective order so that he may use the DVD as evidence in this action. Plaintiff is on notice that the protective order at issue does not prevent him from submitting evidence which is already in his possession. Although plaintiff may no longer physically possess a copy of the

DVD, the court possesses a copy of the DVD. Moreover, it is clear from plaintiff's filings that he has thoroughly viewed the DVD and noted in detail the events contained in the DVD. (See DE 214). Accordingly, plaintiff's second motion for reconsideration is DENIED. To the extent plaintiff asserts that defendants have somehow edited or altered the DVD, the court has reviewed the copy of the DVD provided by defendants and finds no evidence supporting plaintiff's allegations regarding the veracity of the DVD.

Finally, the court turns to plaintiff's motion to reconsider the court's July 14, 2016, order dismissing defendant Cox. In support, plaintiff asserts that defendant Arnold and not defendant Cox should have been dismissed from this action on July 14, 2016. On July 26, 2016, the court amended its July 14, 2016, judgment to reflect that defendant Arnold, and not Cox, was dismissed from this action. Accordingly, defendant Cox remains a defendant in this action, and plaintiff's motion for reconsideration is DENIED.

B.  Discovery Motions

Plaintiff filed a motion to depose defendants, motion for requests for admissions, and motion for interrogatories. As stated in the court's July 14, 2016, order, plaintiff has had ample opportunity to engage in discovery in this matter, and the time for doing so has long expired. Further, the court granted the Sheriff's defendants a protective order governing discovery on July 14, 2016. For the reasons set forth in the court's July 14, 2016, order and in light of the Sheriff's defendants' protective order, plaintiff's discovery-related motions are DENIED.

4

C.  Motion for Sanctions

Plaintiff filed a motion for sanctions against defendant Carcirieri and Carcirieri's attorney asserting that Carcirieri repeatedly has refused "to comply with two court orders" governing discovery. (DE 216, p. 2). Plaintiff appears to be referencing the court's July 14, 2016, order, in which it granted plaintiff's motion to compel discovery, on a limited basis, as to defendant Carcirieri. Specifically, in the court's January 14, 2016, order, the court granted plaintiff's motion to compel in response to plaintiff's allegations that Carcirieri did not respond to the court's March 25, 2016, order directing Carcirieri to provide plaintiff the following discovery materials:

> (1) any audio or video tape recording of "both interrogation/interview room cameras at Wayne Co. Annex Building;"[1] (2) "names of all staff employed at Wayne Co. Annex Building on 3/18/13 and there on that day;" (3) "names of any and all staff or personnel that [] operate the video monitor control room or equipment;" (4) "login time <official> of the traffic stop in Pikeville, N.C. by OFC. Carcirieri;" (5) "copy of original police report and statement filed by OFC Carcirieri;" (6) "cop[ies] of original deputy reports and statements filed by any and all deputies who assisted in the traffic stop/take down on plaintiff on 3/18/13 in Pikeville N.C.;" (7) "electronically stored emails and documents pertaining to plaintiff 3/18/13 traffic stop, arrest and interrogation;" and (8) "Any and all investigative reports and/or statements conducted by Wayne County Sheriff['s] department.

(See (DE 185), p. 3).

Defendant Carcirieri subsequently filed a response to the court's July 14, 2016, order stating that the discovery at issue in the court's March 26, 2016 and January 14, 2016, orders was not within his possession. Further, the court finds that the above-stated discovery materials are not particularly relevant to resolving plaintiff's bystander liability claim against defendant Carcirieri. See Fed. R.

---

[1] Plaintiff has been provided a copy of the only video recording pertinent to this action. (See (DE 206)).

5

Civ. P. 26(b)(1). Accordingly, the court relieves defendant Carcirieri of the obligation to provide plaintiff with the above-stated discovery materials, and plaintiff's motion for sanctions is DENIED.

D.   Plaintiff's Responsibility for DVD Dissemination

Plaintiff filed a motion requesting that the court not "hold plaintiff responsible or accountable for nothing concerning video of interrogation." ((DE 211), p. 3). In support, plaintiff states that he mailed the DVD to his family and is not responsible for his family's actions in connection with the DVD. Plaintiff's motion lacks merit and is DENIED.

## CONCLUSION

In summary, the court ORDERS as follows:

(1)   Plaintiff's motions for reconsideration (DE 207, 208, 214) are DENIED;

(2)   Plaintiff's discovery related motions (DE 210, 212, 213) are DENIED;

(3)   Plaintiff's motion for sanctions (DE 216) is DENIED and the court relieves defendant Carcirieri from the obligation to provided plaintiff with the discovery as set forth in the court's July 14, 2016, order;

(4)   Plaintiff's motion to be relieved of any responsibility for any consequences of the dissemination of the DVD (DE 211) is DENIED;

(5)   Plaintiff is warned that unnecessary and excessive filings are not helpful to the court and impede judicial efficiency and the administration of justice.

SO ORDERED, this the 24th day of August, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge